

I N T H E

# Court of Appeals of Indiana

Timothy Stabosz,

*Appellant-Defendant/Cross-Appellee*

v.

Shaw Friedman,

*Appellee-Plaintiff/Cross-Appellant*



FILED

Jul 27 2026, 9:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

July 27, 2026

Court of Appeals Case No.
24A-PL-2536

Appeal from the LaPorte Circuit Court

The Honorable Stephen R. Bowers, Special Judge

Trial Court Cause No.
46C01-2106-PL-1110

**Opinion by Judge Brown**
Judges Weissmann and Felix concur.

**Brown, Judge.**

[1] Timothy Stabosz appealed the trial court's order reinstating an order belatedly granting a Motion to Correct Error filed by Shaw Friedman after the motion was deemed denied pursuant to Ind. Trial Rule 53.3. On cross-appeal, Friedman sought appellate review of the issues raised in his Motion to Correct Error as well as two additional evidentiary issues that were not raised in his motion. In a published opinion, this Court vacated the belated order granting the Motion to Correct Error, agreeing with Stabosz that his appeal voided the belated order. *Stabosz v. Friedman*, 274 N.E.3d 480, 485, 489 (Ind. Ct. App. 2025), *reh'g denied*, *aff'd in part and vacated in part*, 280 N.E.3d 799 (Ind. 2026). For Friedman's cross-appeal, we rejected his arguments raised in his Motion to Correct Error and reinstated the jury verdict. *Id*. at 486-489. Believing the Indiana Supreme Court's decision in *Cavinder Elevators, Inc. v. Hall*, 726 N.E.2d 285 (Ind. 2000), limited the scope of our review, we declined to reach two cross-appeal arguments that Friedman had not raised in his Motion to Correct Error. *Stabosz,* 274 N.E.3d at 489 n.9. Upon the Indiana Supreme Court's directive on remand, we consider those two issues now, find no reversible error, and reaffirm our prior holding reversing and vacating the trial court's belated order and reinstating the jury verdict in favor of Stabosz.[1]

---

[1] Our original opinion was affirmed in part and vacated in part on transfer. *See Stabosz v. Friedman*, 280 N.E.3d 799 (Ind. 2026). The case is now before us on remand from the Indiana Supreme Court with a directive to "consider in the first instance the issues in the cross-appeal that the court noted in footnote nine

## Facts and Procedural History

[2]     The Indiana Supreme Court summarized the factual and procedural history of

this case as follows:

> Shaw Friedman was the LaPorte County attorney when Timothy
> Stabosz was the county auditor. After Stabosz made statements
> in emails and social media posts about Friedman's professional
> conduct, Friedman sued, alleging that Stabosz defamed him. At
> the conclusion of a five-day trial, the jury returned a defense
> verdict for Stabosz.
>
> Friedman then filed a motion to correct error requesting a new
> trial based on five arguments: (1) the verdict was against the
> weight of the evidence; (2) the trial court instructed the jury
> incorrectly; (3) the trial court improperly excluded expert
> testimony; (4) a juror undertook an extrajudicial investigation;
> and (5) the trial court wrongly declined to take judicial notice of
> the second amended complaint. The trial court held a hearing on
> the motion, and after thirty days passed without a ruling, Trial
> Rule 53.3(A) deemed the motion denied on September 23, 2024.
> Ind. Trial Rule 53.3(A); T.R. 6(A). But three days later, the trial
> court entered an order belatedly granting the motion and
> ordering a new trial based on the instruction issue.
>
> Stabosz then filed a motion to set aside that order, arguing the
> order was void because the trial rules already deemed the motion
> to correct error denied. The trial court granted that motion the
> day after it was filed, rescinding the belated order. But then
> Friedman filed a motion to reconsider, and the trial court came
> full circle, granting that motion and reinstating its order granting
> the motion to correct error and ordering a new trial.

of its opinion that it was declining to address." *Stabosz*, 280 N.E.3d at 805. In all other respects, our opinion
was summarily affirmed.

> Stabosz appealed, arguing that the order belatedly granting the motion to correct error was void because the trial rules already deemed the motion denied. And besides, he argued, the motion should have failed on its merits anyway. Since Stabosz filed his notice of appeal on October 17, a few days before Friedman's deadline to appeal from what the rules deemed a denial of his motion to correct error, Friedman cross-appealed rather than filing his own notice of appeal.
>
> Through his cross-appeal, Friedman raised the issues he had pressed in his motion to correct error plus two others. One of the additional arguments was that the trial court erred in excluding a photograph that Friedman argued contradicted testimony that a witness wasn't part of a group called the Oath Keepers. The other additional argument was that the trial court erred in excluding evidence Friedman believed showed that what he alleged was Stabosz's defamation was part of a pattern where Stabosz used similar language about others.
>
> In a published opinion, the Court of Appeals vacated the belated order granting the motion to correct error, agreeing with Stabosz that his appeal voided the belated order. *Stabosz v. Friedman*, 274 N.E.3d 480, 485, 489 (Ind. Ct. App. 2025). For Friedman's cross-appeal, the Court rejected his arguments and reinstated the jury verdict. *Id*. at 486-[4]89. Critical here, the Court refused to consider Friedman's two cross-appeal arguments that he had not raised in his motion to correct error. *Id*. at 489 n.9.

*Stabosz*, 280 N.E.3d at 800. Friedman petitioned for transfer, arguing among other things, that his cross-appeal should not have been limited to arguments raised in his deemed denied Motion to Correct Error. Concluding that it was compelled "to decide the scope of a cross-appeal when a party is caught betwixt and between because the trial court belatedly granted a Trial Rule 59 motion to correct error, but only after Trial Rule 53.3(A) already deemed the motion

denied because the judge failed to rule within thirty days," the Indiana Supreme Court granted transfer to clarify what it saw as "an important, recurring issue of trial and appellate procedure." *Id.* at 799. The Court held: "When (1) the nonmovant appeals from a trial court's order belatedly granting a motion to correct error, and (2) the nonmovant files the notice of appeal before the movant's deadline to appeal from what the trial rules deem a denial of the motion, then the movant may cross-appeal any issues it preserved in the trial court, not just issues in its motion to correct error." *Id.* In short, a timely cross-appeal from a trial court's order belatedly granting a motion to correct error is not limited to only issues raised in a motion to correct error; it may include any issues it preserved in the trial court.[2] We turn to address the two issues raised on cross-appeal that have not yet been disposed of that were preserved in the trial court.

## Discussion

Friedman challenges two evidentiary rulings by the trial court.[3] Specifically, he argues that the court abused its discretion in excluding a photograph that he

---

[2] The Indiana Supreme Court acknowledged the precedential origin of the confusion that contributed to this Court's original decision, stating, "to be sure, our earlier statements acknowledge only a cross-appeal raising the same issues as the motion to correct error." *Stabosz*, 280 N.E.3d at 804.

[3] We observe that Friedman's argument regarding these two cross-appeal issues in his Appellee/Cross-Appellant's Brief is minimal. Indeed, in his reply brief, Friedman makes no further mention of these two evidentiary rulings. Rather, he concedes that all of the court's evidentiary rulings "are subject to the abuse of discretion standard of review" and states that he raised such issues in his cross-appeal "primarily to avoid any future argument regarding the law of the case doctrine" in the event he were to be granted a new trial. Appellee/Cross-Appellant's Reply Brief at 5. We do not grant him a new trial.

claimed contradicted testimony that a witness was not part of a group called the Oath Keepers.[4] Friedman also asserts that the trial court abused its discretion in excluding evidence he believed showed that what he alleged was Stabosz's defamation was part of a pattern of conduct where, on prior occasions, Stabosz used some of the same language about others.

[4] Generally, we review the trial court's ruling on the admission or exclusion of evidence for an abuse of discretion. *Roche v. State*, 690 N.E.2d 1115, 1134 (Ind. 1997), *reh'g denied*. We reverse only when the decision is clearly against the logic and effect of the facts and circumstances. *Joyner v. State*, 678 N.E.2d 386, 390 (Ind. 1997), *reh'g denied*. We may affirm a trial court's decision regarding the admission of evidence if it is sustainable on any basis in the record. *Barker v. State*, 695 N.E.2d 925, 930 (Ind. 1998), *reh'g denied*.

[5] As for the first evidentiary issue, the record reveals that during cross-examination of defense witness Joseph Haney, Friedman sought admission of a photograph of Haney wearing a vest upon which the words "Oath Keeper" appeared. Transcript Volume VI at 129, 146. The record indicates that the photo, marked as Plaintiff's Exhibit 40, was posted on various social media accounts. Friedman suggested that the photograph contradicted both Stabosz's and Haney's sworn trial testimony that Haney was, in fact, not a member of the

---

[4] According to Stabosz, the Oath Keepers "are a far-right anti-government militia group." Appellant/Cross-Appellee's Brief at 41 n.7 (citation omitted). He further states that the Oath Keepers "are widely known as a hate group." *Id*. at 44.

group known as the Oath Keepers. Stabosz's counsel objected to the admissibility of the photograph and further informed the court he had "never seen" the photograph. *Id*. at 130. The court sustained the objection, observing that the court had already given Friedman the opportunity to make an offer to prove outside the presence of the jury regarding any alleged impeachment evidence and that Friedman had not presented the photograph to the court for review and had not presented any evidence that actually connected Haney to the Oath Keepers or to convince the court this collateral matter was relevant to Friedman's defamation claim. Thereafter, Friedman asked the court to "reconsider" its ruling excluding the photograph, arguing that the photograph was "admissible impeachment evidence." *Id*. at 165-166. In confirming its prior ruling excluding the photograph, the trial court stated that there were "a number of reasons" not to admit the evidence. *Id*. at 166. The court explained to Friedman's counsel:

> I think it has the potential to be inflammatory. The timing of the posting, the timing of the disclosure are considerations as well. But the big thing I have simply is this: Counsel, I gave you the opportunity to present what it was that you wanted to put before the jury. We took a recess. We sent the jury out so there wouldn't be any question about what we were doing. We looked at a bunch of other things. Not once was there any review of the photograph . . . you had an opportunity and you didn't take advantage of the opportunity as far as I'm concerned.

*Id*. at 166-167.

[6]     On appeal, Friedman makes limited argument on this issue and simply directs us to Ind. Evidence Rule 607 and argues that the court abused its discretion in excluding Exhibit 40 and that it should have been admitted for impeachment purposes. *See* Ind. Evidence Rule 607 ("Any party . . . may attack the witness's credibility"). First, as implied by the trial court, we observe that the photograph does not necessarily serve as impeachment evidence as it does not necessarily contradict sworn testimony that Haney was not a member of the Oath Keepers. A photograph that Haney once wore a vest with those words on it demonstrates only that he wore such apparel.

[7]     Second, we agree with the trial court that a photograph suggesting Haney may be a member of, or at the very least sympathized with, an alleged hate group had the potential to be inflammatory. Ind. Evidence Rule 403 "directs courts, as gatekeepers, to exclude evidence if its risks substantially outweigh its relevance." *Escamilla v. Shiel Sexton Co., Inc.*, 73 N.E.3d 663, 670 (Ind. 2017). Specifically, as to "unfair prejudice," courts look "to the capacity of the evidence to persuade by illegitimate means, or the tendency of the evidence to suggest decision on an improper basis." *Id.* (citations omitted). We agree with the trial court that, in this case, the capacity of the evidence to persuade by illegitimate means outweighed any alleged relevance.

[8]     Finally, it is well established that improper rulings regarding the admission of evidence going to collateral matters that are not central to the determination of guilt or liability are not a basis for relief. *Singh v. Lyday*, 889 N.E.2d 342, 355 (Ind. Ct. App. 2008) (collecting cases), *reh'g denied*, *trans. denied*; *see, e.g.*, *Parke*

*County v. Ropak, Inc.*, 526 N.E.2d 732, 740-741 (Ind. Ct. App. 1988) (concluding any error in exclusion of letter was harmless; although letter could have been used to impeach a witness, the impeachment concerned an issue separate from that on which the plaintiff brought its misrepresentation claim), *reh'g denied*, *trans. denied*. Without question, a photograph impeaching testimony that Haney is not, in fact, a member of the Oath Keepers falls into this category of a collateral issue separate from that which Friedman brought his defamation claim against Stabosz. Under the circumstances, we cannot say the trial court abused its discretion in excluding the photograph.

[9] As for Friedman's claim that the trial court abused its discretion in "excluding evidence of Stabosz's prior use of defamatory language when in disputes with others," Appellee/Cross-Appellant's Brief at 38 (emphasis omitted), we similarly find no abuse of discretion. The record indicates that during cross-examination of Stabosz, Friedman attempted to elicit testimony regarding language used by Stabosz in prior disputes with others, including the CEO of Scott's Liquid Gold and with a company called PNG, both companies of which Stabosz was a shareholder. Stabosz objected to the line-of-questioning on the basis of relevance. Friedman argued that Stabosz made similar allegations of corruption against those companies and that "[i]t shows a pattern of making five allegations, by name, of the identical nature in this case at that time showing a pattern of behavior." Transcript Volume III at 84. Stabosz responded, "[i]t's prior bad acts then" and inadmissible. *Id.* The court noted multiple differences in the language used in the prior accusations and excluded

the evidence stating that the court was "not satisfied that it's sufficient and similar" and that it was "a stretch" to call this a pattern of conduct. *Id.* The court further found that exclusion of the evidence was warranted as a "prior bad act." *Id.* In an offer to prove, Friedman pointed to Stabosz's prior accusations and the use of words such as "fleecing" and "henchman" which were the same words he used against Friedman in the current case. *Id.* at 86.

[10] Again, Friedman's cross-appeal argument on this issue is limited. He asserts generally that "[e]vidence of a pattern of conduct is admissible to refute an assertion of good faith." Appellee/Cross-Appellant's Brief at 39 (citing *Eden United, Inc. v. Short*, 573 N.E.2d 920, 927 (Ind. Ct. App. 1991), *reh'g denied*, *trans. denied*). However, as stated above, the trial court noted multiple differences in the language allegedly used by Stabosz on the prior occasions and found that the language was not sufficiently similar to the alleged defamatory statements made in the present case to be relevant of a pattern of conduct. Additionally, as alluded to by the trial court, pattern of conduct evidence would not be admissible to show that a person acted in conformity with that conduct on a particular occasion as Ind. Evidence Rule 404 prohibits the use of character and prior-acts evidence for propensity purposes. *See* Ind. Evidence Rule 404(a)(1) ("Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait"). We cannot say that the court abused its discretion in excluding the evidence.

For the foregoing reasons, we reaffirm our prior holding reversing and vacating the trial court's belated order and reinstating the jury verdict in favor of Stabosz.

Reversed.

Weissmann, J., and Felix, J., concur.

ATTORNEYS FOR APPELLANT

Margaret M. Christensen
Sarah Katherine Jackson
Dentons Bingham Greenebaum LLP
Indianapolis, Indiana

Harold G. Hagberg
Crown Point, Indiana

Andrew B. Jones
Michael P. Smyth
Jones Law Office LLC
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Robert J. Palmer
R. William Jonas, Jr.
May • Oberfell • Lorber
Mishawaka, Indiana